**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| In re:<br><br>ROMAN CATHOLIC ARCHBISHOP OF BALTIMORE,<br><br>       Debtor.[1] | Chapter 11<br><br>Case No. 23-16969-MMH |
| THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS,<br><br>       Plaintiff,<br><br>v.<br><br>ROMAN CATHOLIC ARCHBISHOP OF BALTIMORE,<br><br>       Defendant. | Adv. Pro. No. 25-00084-MMH |
| ROMAN CATHOLIC ARCHBISHOP OF BALTIMORE,<br><br>       Counterclaim Plaintiff,<br><br>v.<br><br>THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS,<br><br>       Counterclaim Defendant. | |

**ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM**
**OF THE ROMAN CATHOLIC ARCHBISHOP OF BALTIMORE**

   The Roman Catholic Archbishop of Baltimore (the "***Debtor***"), by and through its undersigned counsel, files this answer, affirmative defenses, and Counterclaim to the *Complaint for Declaratory Judgment* (Dkt. No. 1) filed in the above-captioned adversary proceeding (the "***Complaint***") and, respectfully, respond to the allegations of the Complaint as set forth below. To the extent there is any ambiguity as to Debtor's response to a specific allegation in the Complaint, it is denied.

---

[1] The last four digits of the Debtor's federal tax identification number are 1535. The Debtor's principal place of business is located at 320 Cathedral Street, Baltimore, Maryland 21201.

**PARTIES**

1. Admitted.

2. Admitted.

**JURISDICTION**

3. The allegations in this paragraph are conclusions of law to which no response is required. By way of further response, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure and Rule 7012-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Maryland, the Debtor consents to the entry of a final judgment or order with respect to the Complaint if it is determined that this Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

4. The allegations in this paragraph are conclusions of law to which no response is required.

**BACKGROUND**

5. Admitted.

6. Admitted that the Maryland Office of the Attorney General issued a report in April 2023. The remainder of the allegations in this paragraph reference a writing, which speaks for itself.

7. Admitted that the Maryland General Assembly enacted the Child Victims Act of 2023 (the "*CVA*"). The remainder of the allegations in this paragraph are either conclusions of law to which no response is required or otherwise reference a writing, which speaks for itself.

8. The allegations in this paragraph reference a writing, which speaks for itself. To the extent the allegations in this paragraph seek to ascribe intent or purpose to the actions to those not party to this adversary proceeding or constitute a legal conclusion, such allegations are denied.

9. The Debtor is without sufficient information to form a belief as to the veracity of the allegations in this paragraph and therefore denies same.

10. The Debtor is without sufficient information to form a belief as to the veracity of the allegations in this paragraph and therefore denies same.

11. Denied.

12. Denied.

13. Denied as stated.

14. Denied as stated.

15. Admitted in part. Insofar as the Committee has italicized language in the quote set forth in this paragraph of the Complaint, the Debtor denies such emphasis is appropriate.

16. The allegations in this paragraph reference a writing, which speaks for itself.

17. The allegations in this paragraph reference a writing, which speaks for itself.

18. Denied as stated, but admitted that more than 1,000 proofs of claim have been filed in this bankruptcy.

19. Denied as stated.

20. Denied as stated.

21. Admitted.

22. Denied as stated, but admitted that, to the extent any tort claim exceeds or is otherwise not covered by the Debtor's insurance, the doctrine of charitable immunity as provided for under Maryland law provides to the Debtor a complete legal defense to the claims asserted by Survivors ~~against the Debtor~~.

23. Admitted.

24. Denied.

25. Admitted.

26. This paragraph does not include any factual allegations, so no response is required. To the extent a response is required to all or part of this paragraph, it is denied.

27. This paragraph does not include any factual allegations, so no response is required. To the extent a response is required to all or part of this paragraph, it is denied.

28. This paragraph does not include any factual allegations, so no response is required. To the extent a response is required to all or part of this paragraph, it is denied.

## COUNT I—DECLARATORY JUDGMENT
### (NO CHARITABLE IMMUNITY: UNAVAILABLE IN BANKRUPTCY)

29. The Debtor incorporates by reference the responses in paragraphs 1 through paragraph 28 as if fully set forth herein.

30. The allegations in this paragraph are conclusions of law to which no response is required.

31. Denied as stated, but admitted that more than 1,000 proofs of claim have been filed in this bankruptcy.

32. Denied as stated, but admitted that, *to the extent any tort claim exceeds or is otherwise not covered by the Debtor's insurance,* the doctrine of charitable immunity as provided for under Maryland law provides to the Debtor a complete legal defense to the claims asserted by Survivors..

33. This paragraph does not include any factual allegations, so no response is required. To the extent a response is required to all or part of this paragraph, it is denied.

34. Denied.

35. The allegations in this paragraph are conclusions of law to which no response is required. To the extent a response is required to all or part of this paragraph, it is denied.

36. The allegations in this paragraph are conclusions of law to which no response is required. To the extent a response is required to all or part of this paragraph, it is denied.

37. The allegations in this paragraph are conclusions of law to which no response is required. To the extent a response is required to all or part of this paragraph, it is denied.

38. The allegations in this paragraph are conclusions of law to which no response is required. To the extent a response is required to all or part of this paragraph, it is denied.

39. The allegations in this paragraph are conclusions of law to which no response is required. To the extent a response is required to all or part of this paragraph, it is denied.

40. The allegations in this paragraph are conclusions of law to which no response is required. To the extent a response is required to all or part of this paragraph, it is denied.

41. The allegations in this paragraph are conclusions of law to which no response is required. To the extent a response is required to all or part of this paragraph, it is denied.

42. The allegations in the paragraph constitute a prayer for relief to which no response is required.

43. The allegations in the paragraph constitute a prayer for relief to which no response is required.

### COUNT II—DECLARATORY JUDGMENT
### (NO CHARITABLE IMMUNITY: ABROGATED BY THE CVA)

44. The Debtor incorporates by reference the responses in paragraphs 1 through paragraph 43 as if fully set forth herein.

45. The allegations in this paragraph are conclusions of law to which no response is required. To the extent a response is required to all or part of this paragraph, it is denied.

46. The allegations in this paragraph are conclusions of law to which no response is required. To the extent a response is required to all or part of this paragraph, it is denied.

47. The allegations in this paragraph are conclusions of law to which no response is required. To the extent a response is required to all or part of this paragraph, it is denied.

48. Denied.

49. Denied as stated, but admitted that, *to the extent any tort claim exceeds or is otherwise not covered by the Debtor's insurance* the doctrine of charitable immunity as provided for under Maryland law provides to the Debtor a complete legal defense to the claims asserted by Survivors.

50. The allegations in this paragraph are conclusions of law to which no response is required. To the extent a response is required to all or part of this paragraph, it is denied.

51. The allegations in this paragraph are conclusions of law to which no response is required. To the extent a response is required to all or part of this paragraph, it is denied.

52. The allegations in the paragraph constitute a prayer for relief to which no response is required.

53. The allegations in the paragraph constitute a prayer for relief to which no response is required.

54. The allegations in the paragraph constitute a prayer for relief to which no response is required.

### COUNT III—DECLARATORY JUDGMENT
### (NO CHARITABLE IMMUNITY: CHARITABLE MISSION)

55. The Debtor incorporates by reference the responses in paragraphs 1 through paragraph 54 as if fully set forth herein.

56. The allegations in this paragraph are conclusions of law to which no response is required. To the extent a response is required to all or part of this paragraph, it is denied.

57. Denied as stated, but admitted that the Debtor has admitted that is has provided, and will continue to provide, support for Survivors.

58. Denied as stated, but admitted that the Debtor has admitted that is has provided, and will continue to provide, support for Survivors.

59. Denied as stated but admitted that, to the extent any tort claim exceeds or is otherwise not covered by the Debtor's insurance, the doctrine of charitable immunity as provided for under Maryland law provides to the Debtor a complete legal defense to the claims asserted by Survivors.

60. The allegations in this paragraph are conclusions of law to which no response is required. To the extent a response is required to all or part of this paragraph, it is denied.

61. The allegations in this paragraph are conclusions of law to which no response is required. To the extent a response is required to all or part of this paragraph, it is denied.

62. The allegations in the paragraph constitute a prayer for relief to which no response is required.

63. The allegations in the paragraph constitute a prayer for relief to which no response is required.

64. The allegations in the paragraph constitute a prayer for relief to which no response is required.

## COUNT IV—DECLARATORY JUDGMENT
### (NO CHARITABLE IMMUNITY: NON-EXISTENCE OF CHARITABLE TRUST)

65. The Debtor incorporates by reference the responses in paragraphs 1 through paragraph 64 as if fully set forth herein.

66. The allegations in this paragraph are conclusions of law to which no response is required. To the extent a response is required to all or part of this paragraph, it is denied.

67. Denied as stated.

68. Denied.

69. The allegations in this paragraph are conclusions of law to which no response is required. To the extent a response is required to all or part of this paragraph, it is denied.

70. The allegations in this paragraph are conclusions of law to which no response is required. To the extent a response is required to all or part of this paragraph, it is denied.

71. The allegations in this paragraph are conclusions of law to which no response is required. To the extent a response is required to all or part of this paragraph, it is denied.

72. Denied.

73. Admitted.

74. The allegations in this paragraph are conclusions of law to which no response is required. To the extent a response is required to all or part of this paragraph, it is denied.

75. The allegations in this paragraph are conclusions of law to which no response is required. To the extent a response is required to all or part of this paragraph, it is denied.

76. The allegations in the paragraph constitute a prayer for relief to which no response is required.

77. The allegations in the paragraph constitute a prayer for relief to which no response is required.

78. The allegations in the paragraph constitute a prayer for relief to which no response is required.

## AFFIRMATIVE DEFENSES

In addition to the specific responses to the allegations raised in the Committee's Complaint, Debtor asserts the following affirmative defenses:

**FIRST AFFIRMATIVE DEFENSE**

The Committee's Complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

The Committee's Complaint fails to the extent the relief sought is contrary to the law as established in the State of Maryland. *See Abramson v. Reiss,* 334 Md. 193, 197 (1994); *Montrose Christian School Corp. v. Walsh*, 363 Md. 565, 582 (2001).

**WHEREFORE**, the Debtor respectfully request that the Court enter judgment in its favor and against the Committee on all Counts raised in the Committee's Complaint for Declaratory Judgment.

## COUNTERCLAIM FOR DECLARATORY JUDGMENT

Debtor Roman Catholic Archbishop of Baltimore, as and for its Counterclaim against the Official Committee of Unsecured Creditors, states and alleges as follow:

**PARTIES**

1. The underlying bankruptcy proceeding was initiated on September 29, 2023 when The Roman Catholic Archbishop of Baltimore (the "***Debtor***") filed a Petition for Relief under Chapter 11 of the Bankruptcy Code, 11 U.S.C. § 1101 *et seq.,* Case No 23-16969 (Bankr. D. Md.).

2. The Debtor is a corporation sole organized under the laws of the State of Maryland.

3. Pursuant to 11 U.S.C. § 1102, the Office of the United States Trustee appointed the Official Committee of Unsecured Creditors (the "**Committee")** in Debtor's bankruptcy case.

**JURISDICTION**

4. Jurisdiction in this Court is proper pursuant to 28 U.S.C. §§ 57 and 1334. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2), and Standing Order 2012-05 from the United States District Court for the District of Maryland. Pursuant to Rules 7008 and 7013 of

the Federal Rules of Bankruptcy Procedure and Rules 7012-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Maryland, Debtor consent to the entry of a final judgment or order with respect to this Counterclaim if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

5. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

### BACKGROUND

6. On September 29, 2023 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "**Petition for Relief**"). The Debtor continues in possession of its property and the management of its business as a debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

7. On the Petition Date, the Debtor, as a corporation sole, was recognized as a charitable institution under Maryland law and Canon Law.

8. As of the Petition Date, Maryland law recognized the doctrine of charitable immunity, which is intended to protect charitable organizations from tort liability. *See Abramson v. Reiss,* 334 Md. 193, 197 (1994); *Montrose Christian School Corp. v. Walsh*, 363 Md. 565, 582 (2001).

9. The predominate activities of the Debtor are charitable in nature, as the functions of the Debtor are religious, spiritual, and educational, and the earnings recognized by Debtor are used fully in support of its mission and do not inure to the benefits of individuals or private shareholders.

10. Under Maryland law, whenever the Debtor acquires property, the Debtor takes, holds, uses, and enjoys such property either subject to the conditions and trusts imposed by the conveyance of such property (i.e., donor restrictions) or, when no conditions or trusts are expressly imposed by such conveyance, only to advance the general welfare of inhabitants of the state of Maryland professing the Catholic faith, to promote the Catholic faith, and in no other manner and for no other purpose whatsoever.

## COUNT I—DECLARATORY JUDGMENT
### (CHARITABLE IMMUNITY IS AVAILABLE TO THE DEBTOR UNDER MARYLAND LAW)

11. The Debtor incorporates by reference all of the proceeding paragraphs as if fully set forth herein.

12. In the years prior to the Petition Date, a number of minors were subject to abuse, including acts sexual in nature, by priests, teachers, lay-employees, and other individuals employed by, supervised by, or otherwise associated with, the Debtor.

13. The Maryland General Assembly enacted the Child Victims Act of 2023 (the "**CVA**"), which eliminated the statute of limitations in Maryland for claims of childhood sexual assault, thus allowing individuals who may have been subject to such abuse (collectively "**Survivors**") to bring claims against individuals and institutions for civil liability arising from those acts.

14. The Debtor filed the Petition for Relief based upon the unknown, and potentially catastrophic, liabilities it might face as a result of claims brought by Survivors under the CVA.

15. Over 1,000 proofs of claim have been filed in this bankruptcy alleging that the Debtor, and/or organizations that report to the Debtor, are liable for claims of child sexual assault as covered by the CVA.

16. While the Debtor has provided compensation and support to Survivors prior to the filing of the Petition for Relief, and intends to continue to provide compensation and support to Survivors as part of its reorganization, the Debtor has always asserted that it is immune to claims sounding in tort based upon the doctrine of charitable immunity under Maryland law.

17. The Debtor meets the requirements under Maryland law to qualify as a charitable organization eligible to rely upon the defense of charitable immunity to the claims asserted by Survivors.

18. In passing the CVA, the Maryland General Assembly did not, and did not intend to, alter, amend, or extinguish the doctrine of charitable immunity under Maryland law.

**WHEREFORE**, the Debtor respectfully requests that the Court enter judgment in its favor and against the Committee on the Debtor's Counterclaim, and enter an order declaring that:

1. The defense of charitable immunity is available to the Debtor in connection with any and all claims filed by Survivors in this case, because that defense was available to the Debtor under Maryland law at the time the Petition for Relief was filed;

2. The Debtor's use of the defense of charitable immunity does not extend to any Survivor claims to the extent they may be covered by Insurance;

3. The Maryland Child Victim's Act did not alter or abrogate the defense of charitable immunity which was established law at the time of filing the Petition for Relief; and

4. Granting such other relief as the Court deems just and proper.

Dated: May 2, 2025

Respectfully submitted,

/s/ Catherine Keller Hopkin
Catherine Keller Hopkin (Fed. Bar No. 28257)
**YVS LAW, LLC**
185 Admiral Cochrane Drive, Suite 130
Annapolis, MD 21401
Telephone:   443.569.0788
Facsimile:   410.571.2798
Email: chopkin@yvslaw.com

*-and-*

Blake D. Roth (admitted *pro hac vice*)
C. Scott Kunde (admitted *pro hac vice)*
**HOLLAND & KNIGHT LLP**
511 Union Street, Suite 2700
Nashville, TN 37219
Telephone:   615.244.6380
Facsimile:   615.244.6804
Email: blake.roth@hklaw.com
          scott.kunde@hklaw.com

*-and-*

Philip T. Evans (Fed. Bar No. 11796)
**HOLLAND & KNIGHT LLP**
800 17th Street, NW, Suite 1100
Washington, DC 20006
Telephone:   202.457.7043
Email: philip.evans@hklaw.com

*Attorneys for the Debtor and Debtor In Possession*

<u>CERTIFICATE OF SERVICE</u>

  I hereby certify that on the 2nd day of May 2025, notice of filing the Debtor's Answer, Affirmative Defenses, and Counterclaim in response to the Official Committee of Unsecured Creditors Complaint for Declaratory Relief was served by CM/ECF to those parties listed on the docket as being entitled to such electronic notices, which parties are identified on the attached service list.

                   <u>/s/ Catherine Keller Hopkin</u>
                   Catherine Keller Hopkin

**The following parties received
CM/ECF notice of the filing:**

Edwin H. Caldie, Esquire
(ed.caldie@stinson.com)
Counsel for Committee
Stinson LLP
50 South Sixth Street, Suite 2600
Minneapolis, Minnesota  55402

Richard L. Costella, Esquire
(rcostella@tydings.com)
Counsel for Committee
Tydings & Rosenberg LLP
One East Pratt Street, Suite 901
Baltimore, Maryland  21202

Philip Tucker Evans, Esquire
(philip.evans@hklaw.com)
Counsel for Debtor
Holland and Knight
800 17th Street, Ste. 1100
Washington, D.C.  20006

Andrew Glasnovich, Esquire
(drew.glasnovich@stinson.com)
Counsel for Committee
Stinson LLP
50 South Sixth Street, Suite 2600
Minneapolis, Minnesota  55402

Alan M. Grochal, Esquire
(agrochal@tydings.com)
Counsel for Committee
Tydings & Rosenberg LLP
One East Pratt Street, Suite 901
Baltimore, Maryland  21202

Catherine Keller Hopkin, Esquire
(chopkin@yvslaw.com)
Co-Counsel for Debtor
YVS Law, LLC
185 Admiral Cochrane Drive, Suite 130
Annapolis, Maryland  21401

Nicole Khalouian, Esquire
(nicole.khalouian@stinson.com)
Counsel for Committee
Sinson LLP
100 Wall Street, Suite 201
New York, New York  10005

Robert T. Kugler, Esquire
(robert.kugler@stinson.com)
Counsel for Committee
Stinson LLP
50 South Sixth Street, Suite 2600
Minneapolis, Minnesota  55402

C. Scott Kunde, Jr., Esquire
(scott.kunde@hklaw.com)
Counsel for Debtor
Holland & Knight LLP
511 Union Street, Suite 2700
Nashville, Tennessee  37219

Blake D. Roth, Esquire
(blake.roth@hklaw.com)
Counsel for Debtor
Holland & Knight LLP
511 Union Street, Suite 2700
Nashville, Tennessee  37219