Entered: September 22nd, 2025
Signed: September 19th, 2025
**SO ORDERED**



**MICHELLE M. HARNER
U.S. BANKRUPTCY JUDGE**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Baltimore

| | | |
|---|---|---|
| In re: | * | |
| Roman Catholic Archbishop of Baltimore, | * | Case No. 23-16969-MMH |
| Debtor. | * | Chapter 11 |
| * * * * * * | * * * * * * * | |
| Official Committee of Unsecured Creditors, | * | |
| Plaintiff, | * | |
| v. | * | Adv. Pro. No. 25-00084-MMH |
| Roman Catholic Archbishop of Baltimore, | * | |
| Defendant. | * | |
| * * * * * * * | * * * * * * * | |

### INTERIM ORDER ADDRESSING MOTION TO QUASH

This matter is before the Court on the Motion to Quash (the "Motion") filed by Maryland Catholic Conference, LLC ("MCC") and the Joinder in Support of the Motion (the "Joinder") filed by the Roman Catholic Archbishop of Baltimore, the above-captioned defendant, counter-claimant, and debtor-in-possession (the "Defendant"). ECF 39, 47. By the Motion, MCC, a nonparty witness in this adversary proceeding, moves the Court to quash a subpoena issued by the Official Committee of Unsecured Creditors (the "Plaintiff") against MCC, which it states would "impose an undue burden on a nonparty to this litigation, for an irrelevant purpose, and in violation of multiple rights protected by the Federal and Maryland Constitution." ECF 39. The Plaintiff filed

an opposition to the Motion. ECF 58. The Court held a hearing on the Motion and all related papers[1] on September 15, 2025 (the "Hearing").

MCC is the public policy voice for the Maryland Catholic Church, including the Defendant. The Plaintiff asserts that MCC has information relevant to this adversary proceeding, possibly including communications or insights concerning the Defendant's position on the Maryland Child Victims Act of 2023 (codified at Md. Code Ann., Cts. & Jud. Proc. § 5-117) and compensation paid to survivors of child sexual abuse. MCC argues that it does not hold any relevant information and that, in any event, any such information would also be in the Defendant's possession. MCC further contends that the Plaintiff's subpoena violates its rights under the Maryland and United States Constitutions.

The Court listened intently to the arguments of counsel at the Hearing. As the Court noted, full disclosure and transparency by the Defendant is necessary not only in the discovery process in this adversary proceeding but also in general in the main bankruptcy case. The Defendant may, of course, assert any valid defenses or privileges, but otherwise should be readily complying with its discovery and disclosure obligations.

MCC, on the other hand, is a not a party to this adversary proceeding or a debtor in a pending bankruptcy case. "When discovery is sought from a nonparty, . . . a more demanding analysis applies because '[n]onparties faced with civil discovery requests deserve special solicitude.' *Va. Dep't of Corr. v. Jordan,* 921 F.3d 180, 194 (4th Cir. 2019)." *Trans Union, LLC, v. Scroggins*, No. 3:24-mc-2-MHL-SLS, 2024 WL 4124681, *4 (E.D. Va. Sept. 9, 2024). "Thus, '[w]hen assessing the benefit to the requesting party, courts should consider, among other things: the relevance of the information sought [and] the requesting party's need for it,' including whether

---

[1] Additional related papers were filed at ECF 42, 47, 62, 65.

the requested information is available from other, more logical sources. *Peninsula Pathology Assocs.,* 2022 WL 19574484, at *2." *Id.*

Based on the statements of the parties at the Hearing, the Court finds that certain of the information requested by the subpoena can be provided without unduly burdening MCC or encroaching on its constitutional rights. Moreover, it appears that other aspects of the subpoena may be better directed to, and addressed by, the Defendant. As such, the Court enters this interim Order to facilitate continued progress in this adversary proceeding while preserving and protecting the parties' respective rights on the remaining relevancy and constitutional issues. To the extent any party needs additional guidance or a further ruling from the Court on the Motion prior to a final Order, that party should file a Line with the Court requesting an expedited status conference.

Accordingly, it is, by the United States Bankruptcy Court for the District of Maryland,

**ORDERED**, that, **within 10 days of the entry of this Order**, MCC shall (i) review its records (including any emails, memoranda, documents, or other communications) to confirm that the Plaintiff has all external or public facing statements, releases, letters, or other documents related to the information requested by the subpoena (the "Public Information"); and (ii)(a) provide all or any missing Public Information to the Plaintiff and (b) then confirm in a writing to the Plaintiff that the Plaintiff has all Public Information; and it is further

**ORDERED**, that, **within 10 days of the entry of this Order**, the Defendant shall (i) review its records (including any emails, memoranda, documents, or other communications) and its responses to the Plaintiff's discovery requests; and (ii) supplement any responses to which the Defendant suggested that the Plaintiff should obtain such information from MCC by providing the requested information (subject to any defenses or privileges) or a written explanation as to why such information is not available; and it is further

4

**ORDERED**, that all the parties' respective rights and remedies with respect to aspects of the Motion not addressed by this Order are fully preserved.

cc: All Counsel
　　All Parties

**END OF ORDER**